UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
: 
ROSARIA ROMANO, on behalf of plaintiff and a class, : 17-CV-1014(ARR)(CLP)
:
                    Plaintiff, : <u>NOT FOR ELECTRONIC</u>
: <u>OR PRINT PUBLICATION</u>
   -against- :
: <u>OPINION & ORDER</u>
SCHACHTER PORTNOY, L.L.C., :
:
                     Defendant. :
------------------------------------------------------------------ :
X

ROSS, United States District Judge:

Plaintiff, Rosaria Romano, alleges that a collection letter sent to her by defendant, Schachter Portnoy, L.L.C. ("Schachter"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., because it failed to identify the current creditor or owner of her debt. Compl. ¶ 20(a), ECF No. 1. Before the court is defendant's motion to dismiss. See Mem. Law Supp. Def.'s Mot. Dismiss, ECF No. 23-3. Because the debt collection letter at issue adequately disclosed the current owner of plaintiff's debt, I dismiss plaintiff's complaint with prejudice.

## BACKGROUND

This dispute concerns a December 19, 2016 letter sent by Schachter to plaintiff regarding $3,923.41 of credit card debt. See Letter (Dec. 19, 2016) ("Collection Letter"), Compl. Ex. A, ECF No. 1-1. The parties do not dispute that Romano is a consumer within the meaning of the FDCPA or that the Collection Letter is a communication subject to the requirements of that Act. The subject line of the letter, immediately after plaintiff's name and address, reads as follows: "Re: Our Client: CAVALRY SPV I, LLC. . . . Original Creditor: SYNCHRONY BANK

formerly known as GE CAPITAL RETAIL BANK." Id. at *2.  The first line of the letter, immediately after the salutation, reads as follows: "This firm has been retained by the above-named client to collect the amount due, indicated above." Id.  The last paragraph of the Collection Letter begins, "You are hereby notified that this firm is acting as a debt collector in this matter." Id. at *3.

The Collection Letter was the initial communication with plaintiff regarding the debt, Compl. ¶ 17, and there is no allegation that any other communication was attempted.  There is no allegation that Cavalry SPV I, LLC, is not the current owner of plaintiff's debt.

Plaintiff's sole remaining claim is that these portions of the letter do not adequately identify the current owner of her debt.  Compl. ¶ 20(a).[1]

## DISCUSSION

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must also draw all reasonable inferences in favor of the plaintiff.  Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013).  The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Only a "plausible claim for relief survives a motion to dismiss." LaFaro v. N.Y. Cardiothoracic Grp., 570 F.3d 471, 476 (2d Cir. 2009).  Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

---

[1] Plaintiff previously alleged a violation based on the fact that "[t]he letter does not state that the debt may increase in the future due to interest," Compl. ¶ 20(b), but has subsequently withdrawn that claim, see Letter from Tiffany N. Hardy (May 8, 2017) at 2, ECF No. 18.

## A. The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To this end, the FDCPA requires that debt collectors, "[w]ithin five days after the initial communication with a consumer in connection with the . . . debt, send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed." Id. § 1692g(a)(2).

To ensure that the statute protects the most vulnerable debtors, courts are to view debt collection communications "from the perspective of the 'least sophisticated consumer.'" Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)). The "least sophisticated consumer" standard of review examines "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). "[I]n crafting a norm that protects the naïve and the credulous[,] the courts have carefully preserved the concept of reasonableness." Clomon, 988 F.2d at 1319. Thus, "FDCPA protection 'does not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the standard 'in a matter that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" Easterling v. Collecto, Inc., 692 F.3d 229, 233-34 (2d Cir. 2012) (quoting Clomon, 988 F.2d at 1319). The least sophisticated consumer "is neither irrational nor a dolt." Ellis v. Solomon and Soloman, P.C., 591 F.3d 130, 135 (2d Cir. 2010) (citing Russell, 74 F.3d at 43). "[B]ecause the least sophisticated consumer

3

standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." Quinteros v. MBI Assocs., Inc., 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting Castro v. Green Tree Servicing LLC, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013)).

B. **The Collection Letter**

The Collection Letter was the initial communication to plaintiff regarding the debt. Compl. ¶ 17. Since no other communication was sent to plaintiff within five days of the Collection Letter, "[t]he court's role is to assess whether the 'least sophisticated consumer' who read the entire letter would have been aware that the name of the creditor appeared in the letter pursuant to 1692g(a)(2)." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) (citing McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002), for the proposition that "for purposes of ruling on an FDCPA claim, debt collection letters should be analyzed as a whole") (other citations omitted).

The Collection Letter adequately discloses the current owner of plaintiff's debt. First, the Collection Letter makes clear that Schachter was a debt collector. The letter was sent on Schachter letterhead and explicitly informed the reader "that this firm is acting as a debt collector." See Collection Letter. That established, there is no other way to understand the disclosure that, "[t]his firm has been retained by the above-named client to collect the amount due, indicated above" than to conclude that the current owner of the debt is that above-named client, specifically Cavalry SPV I, LLC. Id.

Of course, while the letter does not use the words "creditor" or "owner," in other contexts the FDCPA does not require debt collectors to use "magic words" to avoid liability. See Shanker v. Fair Collection & Outsourcing, LLC, No. 3:09-cv-1759(FLW), 2009 WL 1767580, at *4

4

(D.N.J. June 19, 2009) ("[C]ourts . . . have not required 'magic words' or specific phrases to meet the strictures of 1692(e)."); Emanuel v. Am. Credit Exch., 870 F.2d 805, 808 (2d Cir. 1989) ("[T]here simply is no requirement that [a collection] letter quote verbatim the language of the statute."). Indeed, such a rule is likely precluded by the least sophisticated consumer standard, which requires courts to view collection correspondence as a whole. See McStay, 308 F.3d at 191. In fact, several courts have found that collection letters identifying the current owner of the debt as the "customer" or "client" of the debt collection agency satisfy the requirements of Section 1692g(a)(2). See, e.g., Wright v. Phillips & Cohen Assocs., Ltd., No. 12 CV 4281 (DRH) (GRB), 2014 WL 4471396, at *4-5 (E.D.N.Y. Sept. 10, 2014); Keasey v. Judgment Enf't Law Firm, PLLC, No. 1:13-CV-420, 2014 WL 1744268, at *2 (W. D. Mich. April 30, 2014); Lindley v. TRS Recovery Assocs., No. 2:12-cv-109, 2012 WL 6201175, at *2-3 (S.D. Tex. Dec. 12, 2012); Hammett v. AllianceOne Receivables Mgmt., No. 11-3172, 2011 WL 3819848, at *4-5 (E.D. Pa. Aug. 30, 2011).[2]

Plaintiff's argument to the contrary is not persuasive. Most of plaintiff's brief is devoted to a discussion of the debt collection industry's apparently widespread practice of "operat[ing] multiple entities [that] divide servicing, collection, and ownership functions among them." Pl.'s Resp. Opp'n Def.'s Mot. Dismiss ("Opp'n") at 5, ECF No. 24. Further, plaintiff's brief states

---

[2]    Plaintiff's cases are distinguishable, as the collection letters they discuss either (1) include ambiguous language not found in the Collection Letter, see, e.g., Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 323 (7th Cir. 2016) (finding the term "transferred" ambiguous), (2) mention several creditors, see, e.g., Walls v. United Collection Bureau, Inc., No. 11 C 6026, 2012 WL 1755751, at *2 (N.D. Ill. May 16, 2012); Braatz v. Leading Edge Recovery Sols., LLC, No. 11 C 3835, 2011 WL 9528479, at *1 (N.D. Ill. Oct. 20, 2011), or (3) name an entity in the subject line of the letter and do not otherwise clarify that the entity is the current creditor, see, e.g., Datiz v. Int'l Recovery Assocs., Inc., No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016); McGinty v. Prof'l Claims Bureau, Inc., No. 15-CV-4356, 2016 WL 6069180, at *4-5 (E.D.N.Y. Oct. 17, 2016).

that "[i]n the case of Cavalry, plaintiff's counsel have identified multiple entities, including Cavalry Portfolio Services, Cavalry SPV I, Cavalry SPV II, Cavalry SPV III, Cavalry SPV IV, Cavalry Investments[,] and Cavalry Investment Holdings." Id. at 7. Based on these facts, plaintiff invites the court to draw the following conclusion:

> Given the[se] facts concerning the debt buying industry, and the likelihood that ownership, servicing and collection functions are distributed among multiple entities, a []disclosure[] that someone is the "client" that hired the collection . . . agency . . . is inherently ambiguous. Given the above facts, the "client" may or may not be the current creditor, and there is absolutely no way for the consumer to tell.

Id. at 7-8.

As a preliminary matter, none of these factual allegations appear in plaintiff's complaint. They cannot, therefore, be considered on a motion to dismiss. "On such a motion only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken are considered." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991); Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989)). "[P]arties cannot amend their pleadings by including new factual allegations in an opposition brief to a motion to dismiss." Torchlight Loan Servs., LLC v. Column Fin., Inc., No. 11 Civ. 7426 (RWS), 2012 WL 3065929, at *11 (S.D.N.Y. July 25, 2012) (citing Olde Monmouth Stock Transfer Co. v. Depository Tr. & Clearing Corp., 485 F. Supp. 2d 387, 393 (S.D.N.Y. 2007)); see also Hooper v. Berryhill, No. 15-CV-6646 (JLC), 2017 WL 927843, at *1 n.3 (S.D.N.Y. Mar. 8, 2017) ("A memorandum of law is not a proper vehicle through which to present facts to the Court." (collecting cases)); Peterson v. Syracuse Police Dep't, 467 F. App'x 31, 34 (2d Cir. 2012) ("[U]nsworn statements in a memorandum of law are not evidence." (citing Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009))).

Notably, plaintiff has not requested leave to plead such facts in her complaint. Nor does she argue that (1) the Collection Letter incorrectly identifies the current owner of plaintiff's debt or (2) any fact issue exists with respect to the current ownership of the debt that would justify allowing the case to proceed to discovery. These arguments are obvious; I assume that if plaintiff's counsel had any doubt regarding the current creditor, counsel would have raised these arguments in their briefing.

Further, even crediting as true the facts alleged for the first time in plaintiff's brief, these allegations would not survive a motion to dismiss. Specifically, plaintiff fails to allege that the creditor identified in the Collection Letter, Cavalry SPV II, participates in this practice of dividing servicing, collection, and ownership of debts. She states only that "plaintiff's counsel have identified multiple entities" named Cavalry. Opp'n at 7. It would not be reasonable to assume, based on this bare assertion, that Cavalry SPV II organizes its business in a similar manner to other debt collectors described in the brief.[3]

Finally, plaintiff's focus on the state of the debt collection industry misapprehends the "least sophisticated consumer" standard. This standard exists not only to protect unsophisticated consumers, but also to protect creditors. Rigerman v. Forster & Garbus LLP, No. 14-CV-1805 (MKB), 2015 WL 1223760, at *3 (E.D.N.Y. Mar. 16, 2015) (explaining that the least sophisticated consumer standard "serves [a] dual purpose" including "protect[ing] debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." (quoting Clomon, 988 F.2d at 1320)). Under this standard, creditors are directed to compose notices

---

[3] Therefore, even if plaintiff had requested leave to amend, I would deny it as futile. See In re WorldCom, Inc. Sec. Litig., 303 F. Supp. 2d 385, 391 (S.D.N.Y. 2004) ("In the absence of any identification of how a[n] . . . amendment would improve upon the [c]omplaint, leave to amend must be denied as futile.").

understandable to a layperson. Creditors are not required to craft notices that presume intimate familiarity with the inner workings of the debt collection industry.

## CONCLUSION

For the foregoing reasons, defendant's motion is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of Court is directed to enter judgment in favor of the defendant and close the case.

SO ORDERED.

                                                                                          _____
                                                                                          Allyne R. Ross
                                                                                          United States District Judge

Dated:         June 28, 2017
                    Brooklyn, New York